UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2007 OCT 26  A 9: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

**************************************************

MARK MEDEIROS,
      Plaintiff

v.

MICHAEL CARTER, JUDI HAVENS, and
SEVEN HILLS BEHAVIORAL HEALTH, INC.,
d/b/a GIFFORD STREET BEHAVIORAL
MEDICINE and HEALTH CLINIC,
      Defendants

C. A. No.:

**JURY TRIAL DEMANDED**

07 CA 12034 MLW

**************************************************

# COMPLAINT

MAGISTRATE JUDGE Bowler

## JURISDICTION

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332, in that plaintiff is a citizen of the State of Maine, the defendants are citizens of the Commonwealth of Massachusetts, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PARTIES

2. Plaintiff MARK MEDEIROS ("MARK") is an individual residing in the State of Maine.

3. The defendant MICHAEL CARTER ("CARTER") is an individual with an usual place of business at 26 Gifford Street, New Bedford, Bristol County, Massachusetts.

4. The defendant JUDI HAVENS ("HAVENS") is an individual with an usual place of business at 26 Gifford Street, New Bedford, Bristol County, Massachusetts.

5. The defendant SEVEN HILLS BEHAVIORAL HEALTH, INC., d/b/a GIFFORD STREET BEHAVIORAL MEDICINE and HEALTH CLINIC ("GIFFORD STREET"),

is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with its principal place of business at 589 South First Street, New Bedford, Bristol County, Massachusetts

6. At all times relevant hereto, defendant CARTER was duly licensed as a Mental Health Counselor and legally authorized to provide medical and therapy services in the Commonwealth of Massachusetts.

7. At all times relevant hereto, defendant CARTER was employed by, and he provided medical and therapy services at the facility of, defendant GIFFORD STREET.

8. At all times relevant hereto, defendant HAVENS was duly licensed as a Mental Health Counselor and legally authorized to provide medical and therapy services in the Commonwealth of Massachusetts.

9. At all times relevant hereto, defendant HAVENS was employed by defendant GIFFORD STREET, where she was the Program Director of the facility of defendant GIFFORD STREET, and the supervisor of defendant CARTER.

## FACTS COMMON TO ALL CLAIMS

10. The plaintiff MARK was a patient of defendant CARTER, receiving medical and therapy services and treatment at GIFFORD STREET.

11. In the course of his treatment of MARK, the defendant CARTER deviated from accepted therapeutic practices in that he (a) negligently and carelessly failed to treat, or improperly treated, plaintiff, an individual who was suffering from material psychological problems; (b) failed to divulge in a reasonable manner to plaintiff sufficient information to enable him to give or withhold his consent to the course of treatment followed by defendant; (c) failed to maintain proper boundaries between

2

patient and therapist; (d) mishandled the transference and counter-transference phenomena which arose out of their patient-therapist relationship; (e) negligently conducted or handled the termination of the professional therapeutic relationship with plaintiff, and terminated that relationship improperly, and/or failed to assist him in obtaining other professional treatment in accordance with accepted therapeutic procedure or practice; and (f) negligently undertook to treat plaintiff, a patient who had psychological problems which were beyond said defendant's capacity to treat, and negligently failed to refer plaintiff to another more competent professional person for proper treatment.

12. The defendant CARTER knew, or should have known, that his treatment of MARK was inappropriate and substandard, and violated the standards of therapeutic practice.

13. During the period of time while the defendant CARTER was treating MARK, defendants HAVENS and GIFFORD STREET knew, or should have known, defendant CARTER's treatment of the plaintiff deviated from accepted therapeutic practices.

14. Notwithstanding that knowledge, defendants HAVENS and GIFFORD STREET failed (a) to counsel defendant CARTER that his therapeutic treatment of the plaintiff was inappropriate, or (b) to warn MARK that he was receiving inappropriate therapeutic treatment from defendant CARTER, or (c) to report defendant CARTER's conduct to the appropriate licensing authorities.

**CLAIM I**

15. Plaintiff realleges and incorporates herein the allegations contained in each and

every other paragraph of this Complaint.

16. As a direct and proximate result of the defendant CARTER's negligence, carelessness, and lack of skill, the plaintiff was caused to suffer severe pain of body and anguish of mind and is entitled to recover damages, for the injuries sustained by him.

## CLAIM II

17. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

18. As a result of the defendant CARTER's failure to provide MARK with sufficient information to make an informed judgment about the risks inherent in his treatment, the plaintiff has been damaged and is entitled to recover damages, for the injuries sustained by him.

## CLAIM III

19. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

20. The defendant CARTER held himself out to be a person skilled in and capable of providing therapy to the plaintiff, and in consideration of the sums paid by the plaintiff, agreed to provide therapy in a manner consistent with accepted therapeutic practice.

21. The defendant CARTER breached his agreement, in that he was significantly impaired, and thus incapable of providing proper therapy to the plaintiff, he deviated markedly from accepted standards of therapeutic practice, and as a result of said breach the plaintiff has been seriously injured.

## CLAIM IV

22. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

23. Defendant CARTER, as a therapist, had a fiduciary relationship with MARK, his patient, and owed plaintiff a duty of trust and loyalty.

24. Plaintiff MARK reposed trust and confidence in defendant CARTER as his therapist.

25. Defendant CARTER violated the trust and confidence reposed in him by plaintiff.

26. In so acting, defendant CARTER breached his fiduciary duty to plaintiff, thereby proximately causing him great damage.

## CLAIM V

27. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

28. As a direct and proximate result of defendant HAVENS' negligence, carelessness, and lack of skill, the plaintiff was caused to suffer severe pain of body and anguish of mind and is entitled to recover damages, for the injuries sustained by him.

## CLAIM VI

29. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

30. As a direct and proximate result of defendant GIFFORD STREET's negligence, carelessness, and lack of skill, the plaintiff was caused to suffer severe pain of body and anguish of mind and is entitled to recover damages, for the injuries sustained by him.

## RELIEF REQUESTED

WHEREFORE, the plaintiff demands judgment against the defendants as follows:

A. On CLAIMS I through VI, in an amount which is fair, just and adequate for the injuries sustained, and the pain and suffering endured, plus interest and costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

By his Attorneys,

*/s/ Carmen L. Durso/*

*/s/ Robert C. Gabler/*

CARMEN L. DURSO, ESQUIRE
B.B.O. # 139340
ROBERT C. GABLER, ESQUIRE
B.B.O. # 547227
175 Federal Street, Suite 1425
Boston, MA 02110-2241
617-728-9123
October 25, 2007